[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15555
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00040-ODE-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEO C. STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 21, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Leo Stevens appeals his total 105-month sentence, imposed at the high end

of the applicable guideline range, after pleading guilty to two counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2), (a)(3), four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and two counts of transportation of hazardous material in violation of 18 U.S.C. § 5124. On appeal, Stevens argues that his total 105-month sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). He contends that the sentence is too high because it focuses mainly on his prior record and deterrence. Stevens also asserts that the stacking of the sentences for the aggravated identity theft offenses resulted in a sentence that was greater than necessary, arguing that the sentencing guideline calculations already accounted for his criminal history, the loss resulting from the offenses, and the number of victims impacted.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). In determining substantive unreasonableness, we examine the totality of the circumstances, including evaluating whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court's sentence must comply with the purposes of § 3553(a)(2), which include the need to, *inter alia*, reflect the seriousness of the

2

offense, promote respect for the law, afford deterrence to criminal conduct, and protect the public from the defendant's future criminal conduct. § 3553(a)(2). The weight given to a particular factor under § 3553(a) is left to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We will find the sentence substantively unreasonable only if we find that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

For violations of 18 U.S.C. § 1028A(a)(1), a defendant must serve a term of two years' imprisonment, which shall run consecutively to any term of imprisonment imposed for any other offense, with one exception. 18 U.S.C. § 1028A(a)(1), (b)(2). Where a defendant has multiple convictions under § 1028A, the district court has discretion to determine whether these sentences should run concurrently with each other. Id. § 1028A(b)(4). The Sentencing Guidelines indicate that the district court should consider the nature and seriousness of the offenses, whether the offenses are groupable under U.S.S.G. § 3D1.2, and whether the § 3553(a)(2) purposes are better served by imposing a concurrent or a consecutive sentence. U.S.S.G. § 5G1.2, comment (n.2(B)). Although generally the sentences for multiple counts under 18 U.S.C. § 1028A

should run concurrently if the offenses are groupable, the district court may order that the sentences run consecutively where the offenses are serious. *United States v. Bonilla*, 579 F.3d 1233, 1244-45 (11th Cir. 2009).

Upon review of the record and consideration of the parties' briefs, we affirm. The district court's decision to impose a total 105-month sentence was substantively reasonable. The record clearly shows that a high end guideline sentence was appropriate to comport with the purposes of § 3553(a)(2). The sentence reflects the seriousness of the offenses, which resulted in significant financial loss and impacted many victims. It reflects the need for deterrence because, as the district court noted, previous shorter prison sentences for similar fraudulent conduct had clearly not deterred Stevens from his fraudulent conduct. Based on these considerations, the district court's decision to impose a high end guideline sentences was a reasonable one.

Furthermore the district court acted reasonably in imposing two consecutive 24-month sentences for the violations of 18 U.S.C. § 1028A(a)(1). Although generally sentences for offenses that are grouped under § 1028A run concurrently, the district court has the discretion to order consecutive sentences. Given the seriousness of Stevens's offenses, both in their own right and in the context of his extensive history of fraudulent conduct, the court's decision to impose consecutive

4

sentences was clearly reasonable.  *See Bonilla*, 579 F.3d at 1244-45.  Based on these considerations, the district court did not abuse its discretion in imposing a 105-month sentence.  Accordingly, we affirm.

AFFIRMED.